IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHONNA HOLMES, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:08-cv-01171-RWR |
| SUN TRUST MORTGAGE CO., *et al.,* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATION OF FILING OF SUPERIOR COURT PAPERS

In accordance with 28 U.S.C. § 1446(a), Defendant Heritage Title Company, by undersigned counsel, respectfully submits the following pleadings and paper which, in addition to those previously submitted to this Court, have been filed in the Superior Court of the District of Columbia ("Superior Court") on the date noted:

1.    Motion to Dismiss Count I of the Complaint and the Claim for Punitive Damages with accompanying Memorandum and proposed Order (filed 06/30/2008);
2.    Answer to Counts II and III of the Complaint (filed 06/30/2008); and
3.    Notice of Filing of Notice of Removal with Notice of Removal attached (filed 07/08/2008).

With the submission of these additional pleadings and paper, I hereby certify that all filings in the Superior Court have now been filed in the United States District Court.

_____/s/_____
James M. Connolly (Bar No. 455140)
*KRAMER & CONNOLLY*
500 Redland Court, Suite 211
Owings Mills, Maryland 21117
Tel.: (410) 581-0070
Fax: (410) 581-1524
jmc@kramerslaw.com
*Counsel for Defendant Heritage Title Co.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 11, 2008, a copy of the foregoing was mailed first class, postage prepaid, to:

William S. Bach, Esquire
717 D Street, N.W., Suite 400
Washington, D.C. 20004
*Counsel for Plaintiff Shonna Holmes*

SunTrust Mortgage Company
Attention: Legal Department
1001 Semmes Avenue
Richmond, Virginia 23224
*Defendant*

Resident Credit Solutions
Attention: Legal Department
P.O. Box 78954
Phoenix, Arizona 85062
*Defendant*

Re/Max One
Attention: Ms. Crystal Payne
4201 Northview Drive
Bowie, Maryland 20716
*Defendant*

_____/s/_____
James M. Connolly

E:\OFFICE\CASES\197-017\certification of filing of superior court papers.wpd

2

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
(Civil Division)

| | | |
|---|---|---|
| SHONNA HOLMES, | * | |
| Plaintiff, | * | |
| v. | * | C.A. No. 2008 CA 004128 R(RP) |
| SUN TRUST MORTGAGE CO., *et al.*, | * | [Judge Odessa F. Vincent] |
| Defendants. | * | Next Event:    09/12/2008 at 9:00 a.m.<br>Initial Conference |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO DISMISS COUNT I OF THE COMPLAINT
## AND THE CLAIM FOR PUNITIVE DAMAGES

Defendant Heritage Title Company, by undersigned counsel, respectfully submits this Motion to Dismiss Count I of the Complaint and the Claim for Punitive Damages, stating as follows:

1.    That Count I of the Complaint alleging fraud fails to state a claim upon which relief may be granted.

2.    That the Complaint fails to state a claim upon which punitive damages may be granted.

3.    That the grounds and authorities in support of this Motion are set forth in greater detail in the accompanying Memorandum in Support of the Motion to Dismiss Count I of the Complaint and the Claim for Punitive Damages.

WHEREFORE, Heritage Title Company respectfully requests that this Court grant the

foregoing Motion to Dismiss Count I of the Complaint and the Claim for Punitive Damages.

/s/
James M. Connolly (Bar No. 455140)
*KRAMER & CONNOLLY*
Suite 211
500 Redland Court
Owings Mills, Maryland 21117
Tel.: (410) 581-0070
Fax: (410) 581-1524
jmc@kramerslaw.com
*Counsel for Defendant Heritage Title Company*

## POINTS AND AUTHORITIES

18 U.S.C. §§ 1961 et seq. (Racketeer Influenced and Corrupt Organizations Act).

Bennett v. Kiggens, 377 A.2d 57 (D.C. 1977).

Bragdon v. 2512 Associates Ltd. Partnership, 856 A.2d 1165 (D.C. 2004).

Edmondson & Gallagher v. Alban Towers Tenants Ass'n, 48 F.3d 1260 (D.C. Cir. 1995)

H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229 (1989).

Hercules & Co., Ltd. v. Shama Restaurant, 613 A.2d 916 (D.C. 1992).

Pyramid Securities Ltd. v. IB Resolution, Inc., 924 F.2d 1114 (D.C. Cir. 1991).

Tolson v. District of Columbia, 860 A.2d 336 (D.C. 2004).

Western Assocs. Ltd. Partnership v. Market Square Assocs., 235 F.3d 629 (D.C. Cir. 2001).

Sup. Ct. Civ. Pro. R. 9, 12, 12-I.

/s/
James M. Connolly (Bar No. 455140)

2

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 30, 2008, a copy of the foregoing was mailed first class, postage prepaid, to the following persons who do not receive papers via CaseFileXpress, the Court's electronic case filing system:

SunTrust Mortgage Company
Attention: Legal Department
1001 Semmes Avenue
Richmond, Virginia 23224
*Defendant*

Resident Credit Solutions
Attention: Legal Department
P.O. Box 78954
Phoenix, Arizona 85062
*Defendant*

Re/Max One
Attention: Ms. Crystal Payne
4201 Northview Drive
Bowie, Maryland 20716
*Defendant*

_____/s/_____
James M. Connolly

E:\OFFICE\CASES\197-017\motion to dismiss complaint with memo & order.wpd

3

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
(Civil Division)

| | | |
|---|---|---|
| SHONNA HOLMES, | * | |
| Plaintiff, | * | |
| v. | * | 2008 CA 004128 R(RP) |
| SUN TRUST MORTGAGE CO., *et al.*, | * | [Judge Odessa F. Vincent] |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS
## COUNT I OF THE COMPLAINT AND THE CLAIM FOR PUNITIVE DAMAGES

Defendant Heritage Title Company ("Heritage Title" or "the Title Company"), by
undersigned counsel, respectfully submits this Memorandum in Support of the Motion to
Dismiss Count I of the Complaint and the Claim for Punitive Damages.

### SUMMARY OF THE DEFICIENT ALLEGATIONS OF THE COMPLAINT

Plaintiff Shonna Holmes' rambling, non-sequitur Complaint fails to set forth sufficient
facts to maintain either a RICO claim or a fraud claim against Heritage Title. While making
sweeping and bold accusations of fraud, Holmes' Complaint fails to provide the specificity
necessary to maintain such causes of action. Her allegations of fraud are conclusory in the
extreme, especially as to the Title Company. Her conclusory allegations include:

1.      "This law suit involves a large mortgage scam . . ." Compl. at 2, ¶ 1.

2.      "Holmes . . . [was] not told of the real terms and fees up front." Id. at 2, ¶ 2.

3.      "In this case . . ., Willingham [sic] trusted the Defendants and was subject
fraudulent and deceptive business practices . . . . HUD documents were forged . . . ." Id. at 2, ¶

3.[1]

4.    "The Heritage Settlement Co. [sic] stole ($19,284.58) in fees." Id. at 3, ¶ B.

5.    "The Mortgagee's Settlement was a sham . . . ." Id. at 3, ¶ D.

6.    "This case is about a well organized and far reaching foreclosure rescue scheme designed by the defendants jointly." Id. at 3, ¶ E.

7.    "The Defendants have engaged in willful, systematic and widespread violations of the Federal Racketeer Influenced and Corrupt Organizations Act (RICO). . . . Selected and identified settlement companies which were known [sic] to have overlooked the illegalities." Id. at 4, ¶ F.

8.    "There was no ordinary prudence shown by the title company or its agents. Title company closed so many other similar loan [sic] that they had to know what was going on and stopped it. HUD forms were not correct . . . ." Id. at 4, ¶ G.

Having failed to set forth a RICO claim or a fraud claim with the specificity required by

Rule 9 and District of Columbia law, Count I of the Complaint must be dismissed. In addition,

because Plaintiff has failed to set forth sufficient facts to maintain a claim for punitive damages,

the claim seeking such damages must also be dismissed.

## ARGUMENT

## I.    THE COMPLAINT FAILS TO STATE EITHER A RICO CLAIM OR A FRAUD CLAIM.

Under District of Columbia law, to maintain an action for fraud, a plaintiff must allege:

(1) a false representation (2) made in reference to a material fact, (3) with knowledge of its falsity, (4) with the intent to deceive, and (5) an action that is taken upon the representation

Hercules & Co., Ltd. v. Shama Restaurant, 613 A.2d 916, 923 (D.C. 1992).

---

[1]  Apparently, William S. Bach, Esquire has filed a similar Complaint in Quinette Willmingham v. Litton Servicing Company, Superior Court of the District of Columbia, Case No. 2007 CA 008270 R(RP). On February 11, 2008, that case was removed to the United States District Court for the District of Columbia.

In addition, when pleading fraud, a plaintiff must do so with particularity. Rule 9(b) of the Superior Court Rules of Civil Procedure states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Id.[2]

### A.    Lacking the Particularity Required by Rule 9 and District of Columbia Law, Plaintiff's Fraud Claim Must Be Dismissed.

Applying Rule 9(b) of the Superior Court Rules of Civil Procedure, the Court of Appeals has stated:

> Fraud is never presumed and must be particularly pleaded. . . . One pleading
> fraud must allege such facts as will reveal the existence of all the requisite
> elements of fraud. Facts which will enable the court to draw an inference of fraud
> must be alleged, and allegations in the form of conclusions on the part of the
> pleader as to the existence of fraud are insufficient.

Bennett v. Kiggens, 377 A.2d 57, 59-60 (D.C. 1977). Where particularized facts are not alleged, a claim for fraud must be dismissed. See id. at 62 (affirming entry of summary judgment in favor of defendants in "[t]he absence of . . . representations or omissions which would amount to fraud").

In this case, the Complaint fails to plead fraud with particularity. Even if liberally construed, the Complaint does not identify the particular representations that can be said are inaccurate or incomplete in any material respect. While alleging that "Holmes . . . [was] not told of the real terms and fees up front," Summary ¶ 2, the Complaint fails to specify with reasonable particularity the specific "term" or "fee" which was not disclosed to her. Indeed, the Complaint fails to mention any specific representation made by the Title Company which was false, incomplete, or misleading. See supra Summary of Deficient Allegations ¶¶ 1-8 (setting forth

---

[2] This Rule repeats verbatim Rule 9 of the Federal Rules of Civil Procedure.

conclusory allegations).  Given the reputational injury caused by allegations of fraud, Rule 9 and

District Columbia law insist that such allegations must be plead with particularity.  Because the

Complaint contains nothing more than bald, conclusory allegations of wrongdoing, Count I of

this pleading alleging fraud must be dismissed.

**B.     Failing to State the Requisite Elements of the Action, Plaintiff's Fraud Claim Must Be Dismissed.**

Beyond failing to set forth particularized facts to state a claim, Holmes has failed to

allege an essential element of a fraud claim – "an action that is taken upon the representation."

Hercules, 613 A.2d at 923.  The Complaint contains no such allegation.  See Compl. (lacking any

allegation of an action taken upon a representation of the Title Company).  Having failed to plead

that Holmes acted in reliance upon any representation or omission of Heritage Title, let alone any

particularized facts concerning the same, Count I of the Complaint must be dismissed.

**C.     The Complaint's Passing Reference to RICO Is Insufficient to State a RICO Claim or a Claim for Fraud.**

In Western Assocs. Ltd. Partnership v. Market Square Assocs., 235 F.3d 629 (D.C. Cir.

2001), the District of Columbia Circuit Court of Appeals discussed the requisite elements of a

Racketeer Influenced and Corrupt Organizations Act ("RICO") claim.  18 U.S.C. §§ 1961 et seq.

> A violation of § 1962(c) of the RICO Act consists of four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Pyramid Securities Ltd. v. IB Resolution, Inc.*, 924 F.2d 1114, 1117 (D.C. Cir. 1991).  The RICO Act defines the term "pattern of racketeering activity" as requiring the commission of at least two predicate racketeering offenses over a ten year period.  *See* 18 U.S.C. § 1961(5).  These predicate offenses are acts punishable under certain state and federal criminal laws, including mail and wire fraud.  *See* 18 U.S.C. § 1961(1)(B).

> The Supreme Court has interpreted the pattern requirement to include two additional elements: relatedness and continuity.  *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989).  "To

4

prove a pattern of racketeering a plaintiff or prosecutor must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *Id.* The Court further described the relatedness element as criminal acts that share "similar purposes, results, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics." *Id.* at 240, 109 S.Ct. 2893. Continuity, the most relevant prong in the instant case, may be proved by establishing either a "closed period of repeated conduct" or a threat of future criminal activity. *Id.* at 241, 109 S.Ct. 2893. . . . .

The Supreme Court in *H.J. Inc.* suggested that the relatedness and continuity concepts required further development in subsequent cases, and urged a "natural and commonsense approach to RICO's pattern element." *Id.* at 237, 109 S.Ct. 2893. In *Edmondson [& Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260 (D.C. Cir. 1995)], this court provided more guidance on the nebulous issue of what constitutes a pattern of racketeering activity. *Edmondson* involved a real estate developer that accused a tenants' association of illegally attempting to block the sale of the building in which members of the tenants' association lived. *See Edmondson,* 48 F.3d at 1263-64. The real estate developer alleged that the tenants had "exploited [a] quiet-title action, holding the building sale hostage and thereby attempting to force [the developer] to pay them off." *Id.* Based on predicate acts such as extortion, bribery, and perjury, the developer asserted that the association had violated RICO. The court affirmed the dismissal of the RICO claims because "the single scheme alleged – designed to frustrate one transaction and inflicting a single, discrete injury on a small number of victims – fail[ed] to meet RICO's requirement of a 'pattern of racketeering activity.'" *Id.* at 1263.

*Edmondson* identified six factors that a court should consider "in deciding whether a [RICO] pattern has been established." *Id.* at 1265. These factors are: "the number of unlawful acts, the length of time over which the acts were committed, the similarity of the acts, the number of victims, the number of perpetrators, and the character of the unlawful activity." *Id. Edmondson* does not establish a rigid test, but rather presents a flexible guide for analyzing RICO allegations on a case by case basis. The court in *Edmondson* acknowledged that in some cases "some factors will weigh so strongly in one direction as to be dispositive." *Id.* The court also indicated that if a plaintiff alleges only a single scheme, a single injury, and few victims it is "virtually impossible for plaintiffs to state a RICO claim." *Id.*

Western Assocs., 235 F.3d at 633-34 (quotations of cases within citations omitted).

Preliminarily, the Complaint's gratuitous reference to RICO fails to transform Count I

into a claim for fraud. In addition, the Complaint simply fails to state the particularized facts

necessary to show a "pattern of racketeering activity." Edmondson, 48 F.3d at 1263. The

pleading does not set forth the particular criminal offenses allegedly committed. Moreover, it

fails to set forth particularized facts to satisfy the "relatedness and continuity" elements of the

claim. Further, Holmes – the solitary Plaintiff – alleges but a single scheme, a single injury and

identifies herself as the only victim. In such circumstances, "it is virtually impossible for

plaintiffs to state a RICO claim." Western Assocs., 235 F.3d at 634 (internal quotation marks

omitted). Failing to state either RICO claim or a claim for fraud, Count I of the Complaint must

be dismissed.

## II.    PLAINTIFF HAS FAILED TO STATE FACTS TO SUPPORT HER CLAIM FOR PUNITIVE DAMAGES.

To maintain a claim for punitive damages, a plaintiff must plead that "the tort committed

by the defendant was aggravated by egregious conduct and a state of mind that justifies punitive

damages." Tolson v. District of Columbia, 860 A.2d 336, 345 (D.C. 2004). More specifically,

> Punitive damages are . . . to be awarded only in cases of outrageous or egregious
> wrongdoing where the defendant has acted with evil motive, actual malice, or in
> willful disregard for the rights of the plaintiff. So, for example, in the absence of
> `gross fraud' or comparable wrongdoing, proof of even intentional
> misrepresentation may not suffice to justify punitive damages.

Bragdon v. 2512 Associates Ltd. Partnership, 856 A.2d 1165, 1173 (D.C. 2004).

The Complaint fails to allege the specific facts to suggest that Heritage Title acted "with

evil motive, actual malice, or willful disregard for the rights of plaintiff." Id. In the absence of

such facts, Plaintiff's claim for punitive damages must be dismissed.

## CONCLUSION

The Complaint fails to set forth the elements necessary to state a claim either a RICO

claim or a fraud claim.  In addition, the Complaint fails to set forth the particularized facts

necessary to maintain claims for fraud or punitive damages.  As a result, Count I of the

Complaint and Plaintiff's claim for punitive damages must be dismissed.

/s/
_____
James M. Connolly (Bar No. 455140)
*KRAMER & CONNOLLY*
Suite 211
500 Redland Court
Owings Mills, Maryland 21117
Tel.: (410) 581-0070
Fax: (410) 581-1524
jmc@kramerslaw.com
*Counsel for Defendant Heritage Title*
*Company*

7

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
(Civil Division)

SHONNA HOLMES,                          *

        Plaintiff,                       *

    v.                                  *    C.A. No. 2008 CA 004128 R(RP)

SUN TRUST MORTGAGE CO., *et al.*,        *    Judge Odessa F. Vincent

        Defendants.                      *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER DISMISSING COUNT I OF THE COMPLAINT
## AND THE CLAIM FOR PUNITIVE DAMAGES

      The Court has before it the Motion to Dismiss Count I of the Complaint and the Claim

for Punitive Damages submitted by Defendant Heritage Title Company.  Having reviewed the

merits of the Motion and Plaintiff's Opposition thereto, this Court finds that Count I fails to state

a claim upon which relief may be granted.  In addition, Plaintiff has failed to set forth sufficient

facts to maintain a claim for punitive damages.

      Count I fails to set for the requisite elements to state either a Racketeer Influenced and

Corrupt Organizations Act ("RICO") claim, 18 U.S.C. §§ 1961 et seq., or claim for fraud.  In

addition, Count I fails to comply with Rule 9(b)'s directive that "the circumstances constituting

fraud . . . shall be stated with particularity."  Id.  Similarly, Plaintiff's pleading fails to set forth

sufficient facts to maintain her claim for punitive damages.  As a result, the Court shall dismiss

Count I and the claim for punitive damages.  In addition, because this rationale applies with

equal force to all Defendants, the Court shall grant the same relief to all Defendants.

      Accordingly, it is this _____ day of _____, 2008, by the Superior Court of the

District of Columbia

**ORDERED**, that the Motion to Dismiss Count I of the Complaint and the Claim for

Punitive Damages submitted by Defendant Heritage Title Company is **GRANTED**; and it is

**FURTHER ORDERED**, that Count I of the Complaint is **DISMISSED** as to all

Defendants; and it is

**FURTHER ORDERED**, that Plaintiff's claim for punitive damages is **DISMISSED** as

to all Defendants.

_____
Judge Odessa F. Vincent
(signed in chambers)

**Copies served electronically on counsel through eFiling for Courts:**

William S. Bach, Esquire
717 D Street, N.W., Suite 400
Washington, D.C. 20004
*Counsel for Plaintiff Shonna Holmes*

James M. Connolly, Esquire
*KRAMER &CONNOLLY*
500 Redland Court, Suite 211
Owings Mills, Maryland 21117
*Counsel for Defendant Heritage Title Company*

**Copies mailed from chambers to:**

SunTrust Mortgage Company
Attention: Legal Department
1001 Semmes Avenue
Richmond, Virginia 23224
*Defendant*

Resident Credit Solutions
Attention: Legal Department
P.O. Box 78954
Phoenix, Arizona 85062
*Defendant*

Re/Max One
Attention: Ms. Crystal Payne
4201 Northview Drive
Bowie, Maryland 20716
*Defendant*

2

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
(Civil Division)

| | | |
|---|---|---|
| SHONNA HOLMES, | * | |
| Plaintiff, | * | |
| v. | * | C.A. No. 2008 CA 004128 R(RP) |
| SUN TRUST MORTGAGE CO., *et al.*, | * | [Judge Odessa F. Vincent] |
| Defendants. | * | Next Event:    09/12/2008 at 9:00 a.m.<br>Initial Conference |
| | * | |

* * * * * * * * * * * * * * * * * * *

## ANSWER TO COUNTS II AND III OF THE COMPLAINT

Defendant Heritage Title Company, by undersigned counsel, hereby answers Counts II and III of the Complaint filed in the above-captioned action, stating:[1]

## SPECIFIC RESPONSES

1.      Defendant denies the allegations set forth in Paragraphs 1 through 5 at Page 2 of the Complaint.

2.      Having moved to dismiss Count I of the Complaint attempting to state a cause of action in fraud, Defendant is not required to respond to Paragraphs B through G at Pages 3 to 4 of the Complaint.

3.      In response to Paragraph H at Page 5 of the Complaint, Defendant incorporates by reference its prior responses.

4.      Defendant denies the allegations set forth in the unnumbered Paragraph found

---

[1]  Defendant Heritage Title Company ("Heritage Title" or "the Title Company") has contemporaneously filed a Motion to Dismiss Count I of the Complaint and the Claim for Punitive Damages.   Accordingly, in this pleading, Heritage Title responds to Counts II and III of the Complaint.

immediately after Paragraph H at Page 5 of the Complaint.

5.      In response to Paragraph 4 at Page 5 of the Complaint, Defendant incorporates by reference its prior responses.

6.      Defendant denies the allegations set forth in Paragraph 5 at Page 5 of the Complaint.

7.      Defendant denies the allegations set forth in the unnumbered Paragraph found immediately after Paragraph 4 at Page 5 of the Complaint and which Paragraph continues onto page 6 of the Complaint.

8.      Defendant denies Plaintiff's claim for relief set forth at page 6 of the Complaint.

## AFFIRMATIVE DEFENSES

9.      Plaintiff's claims are barred by the affirmative defenses of:

- a.      assumption of risk;
- b.      contributory negligence;
- c.      estoppel;
- d.      fraud;
- e.      illegality;
- f.      payment;
- g.      release;
- h.      collateral estoppel;
- i.      res judicata;
- j.      statute of frauds;
- k.      statute of limitations;
- l.      waiver;
- m.      unclean hands;
- n.      the damages claimed exceed those recoverable under District of Columbia and federal statutory law, common law, and constitutional law; and
- o.      any other matter constituting an avoidance or affirmative defense on legal or equitable grounds.

## NEGATIVE DEFENSES

10.      Plaintiff's claims are barred by the negative defenses of:

2

a.   Plaintiff lacks the capacity to sue Defendant;
b.   Defendant lacks any agency relationship, contractual relationship or other relationship giving rise to any legal duty to Plaintiff; and
c.   any other matter constituting a negative defense.

## **OTHER DEFENSES**

11.   The Complaint fails to state claims upon which relief can be granted.

12.   Defendant did not provide any mortgage broker or mortgage lending services.

13.   Defendant did not negotiate the loan.

14.   Defendant is not a party to any agreement Plaintiff had with the lender, the mortgage broker, or any other party to this action.

15.   Defendant is not a "creditor" within the meaning of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., or Regulation Z implementing the Truth in Lending Act.

16.   The loan at issue in this action constituted an extension of credit primarily for business or commercial purposes.

17.   The loan at issue in this action is not a "federally related mortgage loan" within the meaning of 12 U.S.C. § 2607(a).

18.   The loan at issue in this action is not a "federally related mortgage loan" within the meaning of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2602, or of 24 C.F.R. § 3500.2.

19.   Plaintiff lacks the requisite jurisdictional basis to assert a RESPA claim.

20.   The relief sought in Plaintiff's RESPA claim is not among the relief authorized by § 2607 of RESPA.

21.   Defendant had no duty to make any RESPA disclosures.

3

22.     To the extent RESPA applies, Defendant made any necessary discloses required by RESPA.

23.     Any failure to make a necessary RESPA disclosure was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted by the Defendant to avoid such errors

_____/s/_____
James M. Connolly (Bar No. 455140)
*KRAMER & CONNOLLY*
Suite 211
500 Redland Court
Owings Mills, Maryland 21117
Tel.: (410) 581-0070
Fax: (410) 581-1524
jmc@kramerslaw.com
*Counsel for Defendant Heritage Title Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 30, 2008, a copy of the foregoing was mailed first class, postage prepaid, to the following persons who do not receive papers via CaseFileXpress, the Court's electronic case filing system:

SunTrust Mortgage Company
Attention: Legal Department
1001 Semmes Avenue
Richmond, Virginia 23224
*Defendant*

Residential Credit Solutions
Attention: Legal Department
P.O. Box 78954
Phoenix, Arizona 85062
*Defendant*

Re/Max One
Attention: Ms. Crystal Payne
4201 Northview Drive
Bowie, Maryland 20716
*Defendant*

_____/s/_____
James M. Connolly

E:\OFFICE\CASES\197-017\answer to complaint, counts II & III.wpd

4

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
(Civil Division)

| | | |
|---|---|---|
| SHONNA HOLMES, | * | |
| Plaintiff, | * | |
| v. | * | C.A. No. 2008 CA 004128 R(RP) |
| SUN TRUST MORTGAGE CO., *et al.*, | * | Judge Odessa F. Vincent |
| Defendants. | * | |

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## NOTICE OF FILING OF NOTICE OF REMOVAL

Defendant Heritage Title Company, Inc., by undersigned counsel, respectfully submits this Notice of Filing of Notice of Removal, notifying this Court that Defendant has removed the above-captioned action to the United States District Court for the District of Columbia.  This case has been docketed as Case No. 1:08-cv-01171 in the U.S. District Court and has been assigned to U.S. District Judge Richard W. Roberts.  A copy of the Notice is of Removal is attached as an exhibit.

_____/s/_____
James M. Connolly (Bar No. 455140)
*KRAMER & CONNOLLY*
500 Redland Court, Suite 211
Owings Mills, Maryland 21117
Tel.: (410) 581-0070
Fax: (410) 581-1524
jmc@kramerslaw.com
*Counsel for Defendant Heritage Title Company*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 8, 2008, a copy of the foregoing was mailed first class, postage prepaid, to the following persons who do not receive papers via CaseFileXpress, the Court's electronic case filing system:

SunTrust Mortgage Company
Attention: Legal Department
1001 Semmes Avenue
Richmond, Virginia 23224
*Defendant*

Residential Credit Solutions
Attention: Legal Department
P.O. Box 78954
Phoenix, Arizona 85062
*Defendant*

Re/Max One
Attention: Ms. Crystal Payne
4201 Northview Drive
Bowie, Maryland 20716
*Defendant*

_____/s/_____
James M. Connolly

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

SHONNA HOLMES                                    *
4828 Kingfisher Road
Waldorf, Maryland 20603,                         *

        Plaintiff,                     *

    v.                                           *
                          Civil Action No.

SUN TRUST MORTGAGE CO.                           *
1001 Semmes Avenue
Richmond, Virginia 23224                         *

and                                              *

RESIDENTIAL CREDIT SOLUTIONS                     *    Case: 1:08-cv-01171
350 South Grand Avenue, 47th Floor                    Assigned To : Roberts, Richard W.
P.O. Box 78954                                   *    Assign. Date : 7/3/2008
Phoenix, Arizona 85062-9054                           Description: General Civil
                                                 *

and                                              *

HERITAGE TITLE COMPANY                           *
11821 Park Lawn Drive, Suite 350
Rockville, Maryland 20852                         *

and                                              *

REMAX                                            *
4201 Northview Drive
Bowie, Maryland 20716,                           *

        Defendants.                    *

    *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

## NOTICE OF REMOVAL

    Defendant Heritage Title Company, by undersigned counsel, respectfully submits this

Notice of Removal, stating as follows:

    1.    On June 5, 2008, Plaintiff Shonna Holmes filed this action in the Superior Court

of the District of Columbia ("the Superior Court"). The action was docketed as Case No. 2008

CA 004128 R(RP) and assigned to Judge Odessa F. Vincent. There are four defendants to the

action:

(a)    SunTrust Mortgage Company ("SunTrust" or "the Lender");

(b)    Residential Credit Solutions ("RCS" or "the Servicer");

(c)    Heritage Title Company ("Heritage Title" or "the Title Company"); and

(d)    ReMax.

2.    In Count I of her Complaint, Holmes alleges fraud. She claims, *inter alia*, that

she was an "unqualified buyer." Comp. at 3 ¶ B. Although SunTrust and RCS allegedly knew

the same, Plaintiff contends that the Lender and the Servicer extended a loan to her which they

knew that she could not repay. Id. Holmes alleges that "[t]here were two HUD 1's at the

closing" and that the "Heritage Settlement Co. [sic] stole ($19,284.58) in fees . . . ." Id. In the

same Count, she further alleges that Defendants "engaged in willful, systematic and widespread

violations of the Federal Racketeer Influenced and Corrupt Organizations Act (RICO)[, 18

U.S.C. §§ 1961 et seq.]. Compl. at 4 ¶ F. In the same count, Holmes alleges unspecified

violations of the Real Estate Settlement and Procedures Act (RESPA). 12 U.S.C. §§ 2601 et seq.

Compl. at 4 ¶ F. Count II of the Complaint alleges that Defendants specifically violated § 8(a)

of RESPA. 12 U.S.C. § 2607(a). Compl. at 5. Finally, Count III alleges negligence and accuses

the Title Company of turning a blind eye to "the outrageous irregularities and illegalities apparent

to all with the exception of Plaintiff." Id. at 5.

3.    Plaintiff has demanded a jury trial.

4.    Pursuant to 28 U.S.C. § 1441, this case is removable to the United States District

2

Court for the District of Columbia on the grounds of federal question jurisdiction – the claims or rights asserted in this action arise under that laws of the United States. Id.  Specifically, Holmes asserts violations of RICO, 18 U.S.C. §§ 1961 et seq., and RESPA. 12 U.S.C. §§ 2601 et seq.

5.      On June 5, 2008, the Superior Court issued summonses to the four defendants.

6.      On June 10, 2008, Heritage Title was served with the Summons, Complaint, and an Initial Order issued by the Superior Court.

7.      On June 30, 2008, Heritage Title filed in the Superior Court its Motion to Dismiss Count I of the Complaint and the Claim for Punitive Damages.  At the same time, Heritage Title also filed its Answer to Counts II and III of the Complaint.

8.      This Notice of Removal has been filed within 30 days of service of the Summons and Complaint.

9.      Heritage Title lacks knowledge as to whether any other Defendants have been served with process.

10.     A copy of all process, pleadings, and orders served upon Defendants or obtained from the case filed in the Superior Court are submitted with this Notice as required by 28 U.S.C. § 1446(a).

11.     Promptly after filing this Notice, undersigned counsel shall file a copy of this Notice with the Clerk of the Superior Court.

WHEREFORE, Defendant Heritage Title Company respectfully requests that this Court assume jurisdiction in this case as it has been properly removed from the Superior Court of the

3

District of Columbia.

James M. Connolly (Bar No. 455140)
*KRAMER & CONNOLLY*
500 Redland Court, Suite 211
Owings Mills, Maryland 21117
Tel: (410) 581-0070
Fax: (410) 581-1524
jmc@kramerslaw.com
*Counsel for Defendant Heritage Title Co.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on July 3, 2008, a copy of the foregoing was mailed first class, postage prepaid, to:

William S. Bach, Esquire
717 D Street, N.W., Suite 400
Washington, D.C. 20004
*Counsel for Plaintiff Shonna Holmes*

SunTrust Mortgage Company
Attention: Legal Department
1001 Semmes Avenue
Richmond, Virginia 23224
*Defendant*

Resident Credit Solutions
Attention: Legal Department
P.O. Box 78954
Phoenix, Arizona 85062
*Defendant*

Re/Max One
Attention: Ms. Crystal Payne
4201 Northview Drive
Bowie, Maryland 20716
*Defendant*

James M. Connolly (Bar No. 455140)

E:\OFFICE\CASES\197-017\notice of removal.wpd

4