IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

SHONNA HOLMES,  :
:
    Plaintiff,  :
:
v.  :    Civil Action No. 1:08-cv-01171-RWR
:
SUNTRUST MORTGAGE, INC., et al.  :
:
    Defendants.  :
:

### SUNTRUST MORTGAGE'S AND RESIDENTIAL CREDIT SOLUTIONS' MOTION TO DISMISS THE COMPLAINT

Defendants, SunTrust Mortgage, Inc. ("SunTrust") and Residential Credit Solutions ("Residential), by and through their undersigned attorneys, Bradford S. Bernstein and Miles & Stockbridge P.C., pursuant to Fed.R.Civ.Proc. 12(b)(6), submit this Motion to Dismiss the Complaint filed by the Plaintiff, Shonna Holmes, and in support thereof, state as follows:

1.    The Complaint fails to state a claim upon which relief may be granted.

2.    The grounds and authorities in support of SunTrust's and Residential's Motion to Dismiss the Complaint are set forth in the accompanying Memorandum of Points and Authorities.

WHEREFORE, the Defendants, SunTrust Mortgage, Inc. and Residential Credit Solutions, respectfully request that this Court grant its Motion to Dismiss the Complaint, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

____/s/_____
Bradford S. Bernstein, Bar #463982
Miles & Stockbridge P.C.
11 North Washington Street, Suite 700
Rockville, Maryland 20850
(301) 762-1600

Attorney for Defendants, SunTrust Mortgage, Inc.
and Residential Credit Solutions

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of August, 2008, a copy of the foregoing was mailed, via first class, to:

William S. Bach, Esquire
717 D Street, N.W., Suite 400
Washington, D.C. 20004

James M. Connolly, Esquire
Kramer & Connolly
500 Redland Court, Suite 211
Owings Mills, Maryland 21117

Re/Max One
Attn: Crystal Payne
4201 Northview Drive
Bowie, Maryland 20716

____/s/_____
Bradford S. Bernstein

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHONNA HOLMES, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 1:08-cv-01171-RWR |
| | : | |
| SUNTRUST MORTGAGE, INC., et al. | : | |
| | : | |
|     Defendants. | : | |
| | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
SUNTRUST MORTGAGE'S AND RESIDENTIAL CREDIT SOLUTIONS
MOTION TO DISMISS THE COMPLAINT**

Defendants, SunTrust Mortgage, Inc. ("SunTrust") and Residential Credit Solutions ("Residential), by and through their undersigned attorneys, Bradford S. Bernstein and Miles & Stockbridge P.C., submit this Memorandum of Points and Authorities in Support if the Motion to Dismiss the Complaint.

**I.    PRELIMINARY STATEMENT**

Plaintiff, Shonna Holmes ("Ms. Holmes"), filed a Complaint against SunTrust, Residential, Heritage Title Company ("Heritage") and ReMax for fraud, violation of the Real Estate Settlement Procedures Act and gross negligence (against Heritage only) arising out of Ms. Holmes' purchase of the property located at 53 Bates Street, N.W., Washington, D.C. 20001 (the "Property"). The Complaint contains many conclusory allegations of fraud but fails to include any discernable facts from which SunTrust and Residential can properly ascertain what they are being charged to defend. As a result, the Complaint must be dismissed for failure to state a claim upon which relief can be granted.

## II. BACKGROUND

Although not set forth in the Complaint, Ms. Holmes purchased the Property from Artemus Winslow on June 14, 2007. The contract sales price was reported at $610,000 and Ms. Holmes borrowed that sum from SunTrust to purchase the Property.

In December of 2007, after missing several mortgage payments, Ms. Holmes was provided notice of her default under the loan provided by SunTrust. Ms. Holmes failed to cure the default and a foreclosure sale was scheduled for April 10, 2008. Prior to the foreclosure sale, the loans were transferred to Residential.

On March 19, 2008, Ms. Holmes filed a complaint against Residential to "delay or postpone" the foreclosure sale and sought damages of $514,283.48. Ms. Holmes also filed a request for a temporary restraining order. On March 27, 2008, the Superior Court for the District of Columbia denied the request for a temporary restraining order and the foreclosure sale went forward as scheduled. On June 2, 2008, the Superior Court for the District of Columbia dismissed the complaint filed by Ms. Holmes on March 19, 2008.

## III. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure will be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Havensworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987). In addition, the Federal Rules require that a complaint contain "a short and plain statement of the claim" to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See* Fed.R.Civ.P. 8.

Under Rule 12(b)(6), the plaintiff's allegations must be presumed to be true and should be construed in her favor. However, conclusory legal and factual allegations need not be considered by the court. *Domen v. Nat'l Rehabilitation Hosp.*, 925 F.Supp. 830, 837 (D.D.C. 1996)(citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

IV.   **ARGUMENT**

The present complaint set forth by Ms. Holmes, filed only three days after her previous complaint in the Superior Court was dismissed, is baffling. In a nutshell, Ms. Holmes alleges that "[t]his is a case about a well organized and far reaching foreclosure rescue scheme designed by the defendants jointly." Complaint, at p. 3. As this Court can ascertain based on the background information provided above, SunTrust and Residential are puzzled by these claims as the foreclosure sale went forward and to our knowledge, there was no "rescue scheme." Regardless, the claims set forth by Ms. Holmes are devoid of any factual support that there can be only one conclusion – that the complaint must be dismissed.

   A.   **Ms. Holmes Claim of Fraud Fails to State a Claim Upon Which Relief May be Granted.**

In order to survive a motion to dismiss, a plaintiff must allege "such facts as will reveal the existence of all the requisite elements of fraud." *Kitt v. Capital Concerns, Inc.*, 742 A.2d 856 (D.C. 1999). Allegations in the form of conclusions on the part of the pleader as to the existence of fraud are insufficient. *Hercules & Co. v. Shama Restaurant Corp.*, 613 A.2d 916, 923 (D.C. 1992). The essential elements of common law fraud are: (1) a false representation (2) made in reference to a material fact, (3) with knowledge of its falsity, (4) with the intent to deceive, and (5) an action that is taken in reliance upon the representation. *Bennett v. Kiggins*, 377 A.2d 57, 59 (D.C. 1977), *cert. denied*, 434 U.S. 1034, 98 S.Ct. 768, 54 L.Ed.2d 782 (1978). In addition, the plaintiff must show that provable damages resulted from the fraud. *Dresser v. Sunderland*

*Apartments Tenants Ass'n*, 465 A.2d 835, 839 (D.C. 1983).  Finally, in alleging fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b).

In this case, Ms. Moore has failed to meet each and every requirement to state a valid cause of action for fraud.  In fact, the only allegation regarding SunTrust is that it "made a loan without checking the income of Plaintiff."  While SunTrust strongly disputes that allegation, that fact and any inferences that may be drawn therefrom, do not come close to meeting the necessary elements or particularity that is required to state a proper cause of action for fraud.[1]

Likewise, the complaint fails to mention any specific representation made by Residential that was false or misleading.  Nor does the complaint mention that Residential had any intent to deceive Ms. Holmes or that Ms. Holmes relied on any "false representation."   In fact, the only mention of Residential in the complaint is the conclusory allegation that Residential would "arrange for mortgages for substantially more than was owed." Complaint, p. 3.[2]

Simply put, there are no factual allegations to support a claim of fraud, and certainly, not with the required particularity that is required by the Federal Rules.  In addition, Ms. Holmes has failed to even assert the required elements of fraud.  For these reasons, the motion to dismiss Count I of the Complaint must be granted.[3]

---

[1] Ms. Holmes also states that "SunTrust Bank was the Seller," but that factual allegation only further demonstrates the confusion of the defendants and the lack of clarity in the complaint.  SunTrust Bank is a separate banking entity that had no connection to this Property.  The loan was provided by SunTrust Mortgage, Inc.  SunTrust Mortgage was not the seller.  The seller of the Property was an individual by the name of Artemus Winslow.

[2] This allegation makes no sense as Residential does not originate loans.

[3] In her claim of fraud, Ms. Holmes makes a passing reference to the Racketeer Influenced and Corrupt Organizations Act ("RICO").  To the extent that Ms. Holmes is attempting to make a claim under the RICO Act, this claim should also be dismissed for failure to state a claim upon which relief may be granted. See *Prunte v. Universal Music Group,* 484 F.Supp.2d 32, 42 (D.C. Cir. 2007) (Plaintiff "has not properly alleged any particularized facts showing that defendants have committed any fraud or other predicate acts against him, and thus he fails to properly plead his RICO claim against those same defendants.")

### B. Ms. Holmes' Claim for Violation of the Real Estate Settlement Procedures Act Fails to State a Claim Upon Which Relief May be Granted.

In Count II of the Complaint, Ms. Holmes alleges that the defendants jointly engaged in providing closing, title or settlement services to Ms. Holmes and then makes the conclusory allegation that "there was never any proper disclosures made to Plaintiff in direct violation of the code." Complaint, p. 5. Ms. Holmes goes on to assert that such actions constitute a violation of 12 U.S.C. § 2607(a).

These separate and distinct allegations are both factually and legally deficient. First, to be able to properly respond to the initial allegation of the failure to provide the proper disclosures, SunTrust and Residential would need to know what document, identified with specificity, was not allegedly provided and second, what statute, rule or regulation required that the disclosure be given. Finally, there would need to be some legal support that SunTrust and/or Residential were the proper entity that was required to provide the disclosure. The conclusory allegation that "there was never any proper disclosures made" is not sufficient to support a cause of action.

With regards to the conclusion that the defendants violated 12 U.S.C. § 2607(a), it is important to first note the purpose of that statute. 12 U.S.C. § 2607(a) has nothing to do with the required disclosures under the Real Estate Settlement Procedures Act, but rather, prohibits kickbacks and unearned fees. In this case, there are absolutely no factual allegations regarding any kickbacks, improper fees or items of value exchanged for a referral. In fact, there are no allegations relating to any involvement of SunTrust and/or Residential in the closing process. For these reasons, Ms. Holmes complaint against SunTrust and Residential for violations of the Real Estate Settlement Procedures Act must be dismissed.

## V. CONCLUSION

At the very least, Ms. Holmes should be required to provide specific facts concerning the claims alleged so that SunTrust and Residential are put on notice of what they are required to defend. In this case, Ms. Holmes has failed to allege facts sufficient to state a claim upon which relief can be granted under any count of the Complaint. Moreover, the complaint fails to satisfy the requirements of Rule 8 because it is incomprehensible and only contains bald conclusory allegations. For these reasons, the Motion to Dismiss the Complaint must be granted.

Respectfully submitted,

____/s/_____
Bradford S. Bernstein, Bar #463982
Miles & Stockbridge P.C.
11 North Washington Street, Suite 700
Rockville, Maryland 20850
(301) 762-1600

Attorney for Defendants, SunTrust Mortgage, Inc. and Residential Credit Solutions

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of August, 2008, a copy of the foregoing was mailed, via first class, to:

>William S. Bach, Esquire
>717 D Street, N.W., Suite 400
>Washington, D.C. 20004
>
>James M. Connolly, Esquire
>Kramer & Connolly
>500 Redland Court, Suite 211
>Owings Mills, Maryland 21117
>
>Re/Max One
>Attn: Crystal Payne
>4201 Northview Drive
>Bowie, Maryland 20716

_____/s/_____
Bradford S. Bernstein

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHONNA HOLMES, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :   Civil Action No. 1:08-cv-01171-RWR |
| | : |
| SUNTRUST MORTGAGE, INC., et al. | : |
| | : |
|     Defendants. | : |
| | : |

**<u>ORDER</u>**

Upon consideration of SunTrust Mortgage, Inc.'s Motion to Dismiss the Complaint, and the Memorandum of Points and Authorities in Support Thereof, and any opposition filed thereto, it is this _____ day of _____, 2008, by the United States District Court for the District of Columbia, hereby

ORDERED, that SunTrust Mortgage, Inc.'s Motion to Dismiss the Complaint is hereby GRANTED; and it is further

ORDERED, that the Complaint be dismissed, with prejudice.

 

_____
Judge, United States District Court for the
District of Columbia

cc:    Bradford S. Bernstein, Esq.
       William S. Bach, Esq.
       James M. Connolly, Esq.
       Re/Max One, Attention: Crystal Payne